```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VERONE JENKINS, JR. : | |
| : | Civil Action |
| Plaintiff, : | No. 10-cv-2805 (NLH) |
| : | |
| v. : | **OPINION** |
| : | |
| THE STATE OF NEW : | |
| JERSEY, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

VERONE JENKINS, JR.
P.O. Box 1832
Burlington, NJ 08016
*Pro se Plaintiff*

DAVID B. BENDER
OFFICE OF THE NJ ATTORNEY GENERAL
DIVISION OF LAW & PUBLIC SAFETY
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112
*Attorney for Defendant the State of New Jersey*

J. BROOKS DIDONATO
PARKER, MC CAY
THREE GREENTREE CENTRE
ROUTE 73 & GREENTREE ROAD
SUITE 401
MARLTON, NJ 08053
*Attorney for Defendants Burlington County Prosecutor's Office,
and Robert D. Bernardi*, *Prosecutor for Burlington County*

**HILLMAN, District Judge**

    Plaintiff, Verone Jenkins, Jr., alleges Defendants the State

of New Jersey, the Burlington County Prosecutor's Office, and the

Hon. Robert D. Bernardi, Prosecutor for Burlington County,

(collectively "Defendants")[1] violated his federal constitutional rights when Plaintiff was denied a lawyer and fair trial in connection with the prosecution of a traffic summons for failure to come to a complete stop prior to making a right turn.  In response to Plaintiff's claims, Defendants move to Dismiss the Complaint.  For the reasons expressed below, Defendants' Motions to Dismiss [Docs. 13 & 14] will be granted.

## I. BACKGROUND[2]

On May 18, 2009, Plaintiff was issued a traffic ticket in Florence Township, New Jersey, for failing to make a complete stop before turning right on red.  Plaintiff states that when he appeared before the Florence Township Municipal Court, he was given legal advice, presumably by the municipal prosecutor, to plead guilty as part of a deal.  Apparently Plaintiff did not take the aforementioned advice and pled not guilty.  After he pled not guilty, Plaintiff asserts that the Municipal Court Judge rendered his decision without providing Plaintiff an opportunity to present his case or affording him legal representation.

On June 2, 2010, after appealing his case up through the

---

[1] Plaintiff also asserts a claim against "Florence Township Municipal Court" which is not a proper party.

[2] Given that presently before the Court are Defendants' Motions to Dismiss, the operative facts are culled from Plaintiff's Complaint, accepted as true, and presented in a light most favorable to the nonmoving party. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

state Supreme Court, Plaintiff filed a single-page Complaint requesting that this Court "move" his "previous court filings from The New Jersey State Court System to be placed to its Court docket for trial." (Doc. 1).[3]

## II. DISCUSSION

The Court does not possess jurisdiction to review judgments of state courts.[4] "The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." Judge v. Canada, 208 Fed.Appx. 106, 107 (3d Cir. 2006) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). This doctrine even precludes courts from evaluating "constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) (internal quotations omitted). A federal claim is "inextricably intertwined" with a state court's

---

[3] Plaintiff filed two almost identical complaints in the District of New Jersey. Plaintiff's other Complaint arose out of essentially the same set of circumstances, except that it concerned two traffic summonses for speeding and driving an unregistered vehicle. Another Court in this district dismissed that Complaint for lack of jurisdiction under the Rooker-Feldman doctrine. See Jenkins v. New Jersey, No. 10-2804, 2010 WL 3211089 (D.N.J. Aug. 13, 2010).

[4] The Court interprets Plaintiff's Complaint as not only requesting removal of the state court proceedings, but also as a request for the Court to review or vacate the judgment of the state court.

3

decision if the "claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." Id. (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995))  The Rooker-Feldman doctrine applies when a plaintiff seeks relief that would require the federal court to determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual. Gulla v. North Strabane Twp., 146 F.3d 168, 172 (3d Cir. 1998); *see also* Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that 28 U.S.C. § 1257 has long been interpreted as vesting authority to review a state court's judgment solely in the Supreme Court).

   Presently, Plaintiff alleges that he was denied a fair trial and legal representation.  As a remedy, he essentially requests that the Court conduct a de novo trial of the Municipal Court's traffic adjudication.  If the Court granted Plaintiff's requested relief, it would invalidate and vacate the state court's decision.  This type of remedy is explicitly prohibited by Rooker-Feldman. *See* Jenkins, 2010 WL 3211089 at * 1 ("Here, Plaintiff alleges facts that directly challenge the state court's rulings i.e., he was denied a fair trial and legal representation before the municipal court judge. A finding by this Court in

4

Plaintiff's favor would necessarily invalidate the state court's decision"). The Court, therefore, concludes it will grant Defendants' Motions to Dismiss because we lack jurisdiction to adjudicate Plaintiff's claim.

Mindful that we must interpret a *pro se* Plaintiff's Complaint liberally, the Court notes that Plaintiff's request to "move" his "previous court filings from The New Jersey State Court System to be placed to its Court docket for trial," (Doc. 1), might be construed as a petition for removal pursuant to 28 U.S.C. § 1443. *See* Jenkins, 2010 WL 3211089 at * 2 (construing similar language as a notice of removal). This section provides, in pertinent part:

> [T]he following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district . . . wherein it is pending
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. To serve as a basis for removal, a plaintiff must establish that the state prosecution violates "any law providing for . . . equal civil rights." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).

Plaintiff has not demonstrated, nor is the Court aware of,

5

any civil rights law that was violated by the prosecution of the traffic summons.  Furthermore, § 1443 specifically addresses removal of a "pending" action.  Plaintiff's criminal case, however, is not pending.  It has been dismissed at all levels of the New Jersey state court system.  Thus, Plaintiff fails to establish federal jurisdiction pursuant to § 1443.

### III. CONCLUSION

For the reasons expressed above, Defendants' Motions to Dismiss [Docs. 13 & 14] will be granted.[5]  An appropriate order will be entered.

Date: April 15, 2011                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

---

[5] The state defendant also moves for dismissal based on 11th amendment immunity, its lack of status as a "person" under 42 U.S.C. § 1983, and the Plaintiff's failure to abide by New Jersey's Tort Claims Act.  The county prosecutor and his office assert similar defenses as well as qualified immunity, issue and claims preclusion, and failure to state a claim.  In light of our dismissal on the basis of Rooker-Feldman, we need not address these defenses expressly except to note that each provides an independent basis to dismiss those respective defendants.
   We also note that ordinarily we would grant a pro se plaintiff leave to amend when such a plaintiff asserts civil rights and other constitutional tort claims.  Here, however, Plaintiff's claim is so clearly lacking in merit that no amendment can cure it.  In such circumstances, dismissal is appropriate. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002)(dismissal of case without leave to amend is proper when amendment would be futile).